MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686
Email: li.yu@usdoj.gov

08 CV 01285

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

NOEMIA V. TOPETE,

   Plaintiff,

 - against -

PATRICK J. GILDEA, JOSHUA MARTIN and
BRADFORD W. BERGEN,

   Defendants.

------------------------------------------------------------ x

**NOTICE OF REMOVAL**

08 Civ. _____

RECEIVED FEB 08 2008 U.S.D.C. S.D.N.Y.

  Defendant Patrick J. Gildea, in his capacity as an employee of the United States, by and through his attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby removes the above-captioned action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1442(a)(1), 1441(b), 1446, and 2679(b)(1). The grounds for removal are as follows:

  1. On or about December 17, 2007, Noemia V. Topete ("Topete") commenced an action in New York Supreme Court (New York County), under Index Number 07-116669, naming Patrick J. Gildea ("Gildea") as well as Joshua Martin and Bradford W. Bergen (collectively with Gildea, the "Defendants") as defendants in a lawsuit alleging that the Defendants' negligence caused personal injury to Topete. A true and correct copy of the Verified Complaint filed by Topete is attached hereto as Exhibit A (the "Complaint").

2. On or about January 5, 2008, Gildea received a copy of the Complaint.

3. The Complaint alleges that in the early morning of January 1, 2005, Topete was a passenger in a motor vehicle that was driven by defendant Bergen with license number AGV8444 and was traveling on Suffolk County Route 50. *See id.* at ¶¶ 8–10. The Complaint further alleges that on January 1, 2005, Gildea was the driver of a motor vehicle with the license number CXE9000. *See id.* at ¶ 6. The two vehicles collided near the intersection of Route 50 and Route 17. *See id.* at ¶ 11. That collision, the Complaint alleges, took place because Defendants "operated their vehicles [] carelessly and negligently." *Id.* at ¶ 12.

4. As a result of the alleged accident, Topete is alleged to have "sustained severe and permanent personal injuries" and economic losses that exceed "basic economic loss" as defined under section 5104 of the New York Insurance Laws. *Id.* at ¶¶ 16-21.

5. At the time of the alleged accident, Gildea was a Supervisory Special Agent employed by the Federal Bureau of Investigation (the "FBI") and was acting within the scope of his employment as an employee of the United States.

6. On February 1, 2008, Michael J. Garcia, United States Attorney for the Southern District of New York, certified that, at times relevant to this action, Gildea was an employee of the United States and acting within the scope of his employment for purpose of the claim that Topete has asserted against Gildea. A true and correct copy of that Certification is attached hereto at Exhibit B.

7. "[F]or purposes of removal," the certification by the United States Attorney of Gildea's status "conclusively establish[es] scope of office or employment." Osborn v. Haley, 127 S.Ct. 881, 894 (2007) (quoting 28 U.S.C. § 2679(d)(2)). A tort action brought against an employee of the United States acting within his or her scope of employment is subject to the Federal Tort Claims Act. See 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title ... is exclusive of any other civil action or proceeding ...."); 28 U.S.C. § 1346(b)(1) ("[T]he district courts ... shall have exclusive

2

jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ...."). This action therefore is a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under ... laws of the United States" and, as such, may be removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 2679 and 1446.

8. The submission of this notice of removal is solely for the special purpose of removing this action to Court and is not a general appearance by Gildea or the United States. This Office makes a limited appearance on behalf of Gildea solely for the purpose of removal of this action. This submission does not constitute a waiver of any defense available to Gildea or the United States, including any defense enumerated in Rule 12 of the Federal Rules of Civil Procedure, and does not constitute a waiver of a defense of lack of personal jurisdiction or improper service of process.

Dated: New York, New York
       February 8, 2008

                                        MICHAEL J. GARCIA
                                        United States Attorney
                                        Attorney for Defendant Patrick J. Gildea

                                    By: _____
                                        LI YU
                                        Assistant United States Attorney
                                        Tel.: (212) 637-2734
                                        Fax: (212) 637-2686

TO:   Seth I. Fields, Esq.
      112 Route 109
      West Babylon, New York 11704
      *Counsel for Plaintiff*

      Bradford W. Bergen
      61 Allen Road
      Farmingdale, New York 11735

      Joshua Martin
      26 Lincoln Square
      New York, New York 10023

## CERTIFICATE OF SERVICE

      I, LI YU, an Assistant United States Attorney for the Southern District of New York, hereby certify that on February 8, 2008, I caused a copy of the foregoing NOTICE OF REMOVAL and attachments to be served by Federal Express upon the following:

      Seth I. Fields, Esq.
      112 Route 109
      West Babylon, New York 11704
      *Counsel for Plaintiff*

and by first-class mail upon the following:

      Bradford W. Bergen
      61 Allen Road
      Farmingdale, New York 11735

      Joshua Martin
      26 Lincoln Square
      New York, New York 10023

Dated: New York, New York
       February 8, 2008

By: /s/ Li Yu
LI YU
Assistant United States Attorney

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------X
NOEMIA V. TOPETE

                               Plaintiff(s),

        -against-

PATRICK J. GILDEA, JOSHUA MARTIN AND BRADFORD W. BERGEN,

                               Defendant(s).
---------------------------------------------------X

Index No.: 07-116669

SUMMONS 12/17/07

Plaintiff designates New York County as the place of trial.

The basis of venue is: Defendant's residence at 269 Lincoln Square, New York, New York 10023

**To the above named Defendant(s)**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, of if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    West Babylon, New York
            December 4, 2007

                                      Very truly yours,
                                      EDWARD R. YOUNG & ASSOCIATES

                                      Seth J. Fields

SIF:MM

TO:  Patrick J. Gildea
      316 Hyman Avenue
      West Islip, NY 11795

      Joshua Martin
      269 Licoln Square
      New York, NY 10023

TO:  Bradford W. Bergen
      P.O. Box 4043
      Farmingdale, New York 11735

```
SUPREME COURT OF THE STATE OF NEW YORK
SUFFOLK
---------------------------------------X
NOEMIA V. TOPETE,
                              Plaintiff(s),
          -against-
PATRICK J. GILDEA, JOSHUA MARTIN AND BRADFORD W.
BERGEN,
                              Defendant(s).
---------------------------------------X
```

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by their attorneys, EDWARD R. YOUNG & ASSOCIATES, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

1. At all times herein mentioned, plaintiff was and still is an adult resident of the County of Nassau, State of New York.

2. At all times herein mentioned, defendant, PATRICK J. GILDEA, was and still is an adult resident of the County of Suffolk, State of New York.

3. At all times herein mentioned, defendant, JOSHUA MARTIN, was and still is an adult resident of the County of New York, State of New York.

4. At all times herein mentioned, defendant, BRADFORD W. BERGEN, was and still is an adult resident of the County of Suffolk, State of New York.

5. At all times herein mentioned, defendant, JOSHUA MARTIN, was the owner of a 2004 motor vehicle bearing New York State registration number CXE9000.

6. At all times herein mentioned, defendant, PATRICK J. GILDEA, was the lawful and permissible operator of a certain motor vehicle bearing New York State registration number CXE9000.

7. At all times herein mentioned, defendant, BRADFORD W. BERGEN, was the lawful and titled owner and operator of a certain motor vehicle bearing New York State registration number AGV8444.

8. At all times hereinafter mentioned, the Plaintiff, NOEMIA TOPETE was a lawful and permissible passenger in the motor vehicle owned and operated by Defendant, BRADFORD W. BERGEN.

9. That upon information and belief, and at all times hereinafter mentioned, County Route 50 at or near its intersection with County Route 17, East Islip, New York, County of Suffolk, was and still is a public thoroughfare intended for use by the residents of the State of New York and all others.

10. That on or about January 1, 2005 at about 7:25 a.m., while Plaintiff, NOEMIA V. TOPETE, was a passenger in the aforesaid motor vehicle at County Route 50 at or near its intersection with County Route 17 in the County of Suffolk, State of New York.

11. That on the January 1, 2005, at County Route 50 at the intersection of County Route 17 in the County of Suffolk, State of New York, the aforesaid motor vehicles

were involved in a collision causing the damages and injuries to plaintiff hereinafter alleged.

12. That at said time and place, defendants operated their vehicles so carelessly and negligently that they caused the vehicles to come into contact.

13. That the aforesaid occurrence was proximately caused by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

14. The defendants were negligent, careless and reckless in the ownership, operation, management, control, supervision and maintenance of their motor vehicles.

15. That the negligence of the defendants consisted in failing to have and keep their motor vehicles under proper or as reasonable control or under such control that the defendants could stop the motor vehicle in time to avoid the accident herein alleged so as not to endanger the life, limb, property or safety of persons lawfully on the said highway; upon information and belief, in then and there driving and operating the motor vehicles at an excessive and dangerous rate of speed; in failing to slow down or stop the motor vehicles with reasonable care and diligence on approaching the place where the accident occurred as herein alleged so as to avoid the collision herein described; in then and there driving and operating the motor vehicles without keeping a look out ahead, behind and to the side and without observing and heeding the road and traffic

conditions then and there existing; in then and there failing to observe the rules of the road in such cases made and provided governing the movements of vehicles on the highway; in then and there failing to provide and equip the motor vehicles with adequate, proper and sufficient brakes to control the said motor vehicles as required by law and in failing to inspect and repair same seasonably and properly and keep them in fit and proper working order and condition and in failing to use and apply the same reasonably, properly and carefully as required by law in such cases made and provided; and in being otherwise negligent in the premises.

16. That by reason of the foregoing, plaintiff, NOEMIA V. TOPETE, sustained severe and permanent personal injuries, became sick, sore, lame and disabled; sustained an aggravation or activation to a prior-existing condition which was either known or unknown, latent or patent; suffered injuries to her nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to her usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff, NOEMIA V. TOPETE, was otherwise damaged in his person and also to his property.

17. Plaintiff, NOEMIA V. TOPETE, sustained serious injuries resulting in basic economic loss and non-economic loss, as defined by Section 671 of the Insurance Law of the State of New York, and has the right of recovery against the defendant herein for personal injuries, basic economic loss and non-economic loss, pursuant to Section 673 of the Insurance Law of the State of New York.

18. Plaintiff, NOEMIA V. TOPETE, sustained serious injuries as defined in Subdivision (4) Section 671 of the Insurance Law of the State of New York for economic loss greater than the basic economic loss, as defined in Subdivision (1) of Section 671 of the Insurance Law of the State of New York.

19. That plaintiff, NOEMIA V. TOPETE, sustained serious injuries as defined in Subdivision d of Section 5102 of the Insurance Law-Recodification.

20. That plaintiff, NOEMIA V. TOPETE, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of .5104 of the Insurance Law.

21. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

22. That by reason of the foregoing plaintiff, NOEMIA V. TOPETE, has been damaged in a sum amount in excess of the jurisdictional limits of all lower Courts.

*WHEREFORE*, plaintiff, NOEMIA V. TOPETE, demands a money judgment against the defendants in a sum amount in excess of the jurisdiction of the lower Courts, all together with interest, the costs and disbursements of this action, and such other, further and different relief, as the Court deems just, equitable and proper.

Yours, etc.

EDWARD R. YOUNG & ASSOCIATES
Attorneys for Plaintiff

By: SETH I. FIELDS
112 Route 109
West Babylon, New York  11704
(631) 661-0006
Our File No. 25-06-0008

## ATTORNEY'S VERIFICATION BY AFFIRMATION

**SETH I. FIELDS**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:     I am an attorney at EDWARD R. YOUNG & ASSOCIATES, attorneys of record for Plaintiff(s), Noemia V. Topete. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff(s) is because Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

Dated:    WEST BABYLON, NEW YORK
          December 12, 2007

VERIFICATION

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

NOEMIA V. TOPETE

Plaintiff(s),

-against-

BRADFORD W. BERGEN, JOSHUA MARTIN AND PATRICK J. GILDEA

Defendant(s).

SUMMONS AND VERIFIED COMPLAINT

**EDWARD R. YOUNG & ASSOCIATES**
ATTORNEYS AT LAW
112 FARMINGDALE ROAD (ROUTE 109)
WEST BABYLON, NY 11704-1579
(631) 661-0006 Telephone
(631) 661-0226 Fax

ATTORNEY CERTIFICATION
The undersigned, an Attorney admitted to practice in the Courts of New York State, certifies that, upon information, belief and reasonable inquiry, the contentions contained in the above-referenced document(s) are not frivolous.

_Seth I. Fields_

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686
Email: li.yu@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

NOEMIA V. TOPETE,

        Plaintiff,

    - against -

PATRICK J. GILDEA, JOSHUA MARTIN and
BRADFORD W. BERGEN,

        Defendants.

------------------------------------------------------------- x

**CERTIFICATION**

08 Civ. 01285

    I, Michael J. Garcia, the United States Attorney for the Southern District of New York, pursuant to 28 U.S.C. § 2679 and by virtue of the authority vested in me by the Attorney General under 28 C.F.R. § 15.4(b), hereby certify, on the information presently available, that defendant Patrick J. Gildea was acting within the scope of his employment as an employee of a federal agency, namely the Federal Bureau of Investigation, at the time of the incident alleged in the above-captioned complaint.

Dated: New York, New York
       February ___, 2008

By: _____
    MICHAEL J. GARCIA
    United States Attorney
    Southern District of New York