MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686
Email: li.yu@usdoj.gov

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 2 9 2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NOEMIA V. TOPETE,

            Plaintiff,

- against -

PATRICK J. GILDEA, JOSHUA MARTIN and
BRADFORD W. BERGEN,

            Defendants.
------------------------------------------------------------x

08 Civ. 1285 (PAC)

ECF Case

**STIPULATION AND ORDER
SUBSTITUTING THE UNITED
STATES AS A DEFENDANT AND
DISMISSING PLAINTIFF'S CLAIM
AGAINST THE UNITED STATES**

       WHEREAS, plaintiff Noemia Topete ("Plaintiff") commenced this action by filing a complaint in New York state court on or about December 17, 2007, alleging that defendant Patrick J. Gildea ("Gildea") was negligent in operating a motor vehicle in the morning of January 1, 2005 and, along with defendants Bradford W. Bergen and Joshua Martin, caused injuries to Plaintiff in a motor vehicle accident in Suffolk County, New York (the "January 1st Accident");

       WHEREAS, Gildea was employed by the Federal Bureau of Investigation (the "FBI") on January 1, 2005 and was, at the time of the January 1st Accident, operating a FBI

vehicle in the scope of his employment;

WHEREAS, on February 1, 2008, Michael J. Garcia, the United States Attorney for the Southern District of New York, certified, pursuant to authority vested in him under 28 C.F.R. § 15.4(b), that Gildea was acting in the scope of his employment as an United States employee at the time of the January 1st accident;

WHEREAS, the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (the "FTCA"), provides that a tort claim against an employee of the United States for acts within the scope of the employee's employment is deemed a claim against the United States pursuant to the FTCA and is removable to a federal court;

WHEREAS, on February 9, 2008, the United States removed this action from New York state court to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1442(a)(1), 2679 and 1446;

WHEREAS, if the claim against Gildea were to proceed in this action, the United States would move to substitute the United States in place of Gildea as a defendant in this action; and

WHEREAS, Plaintiff and the United States, on behalf of itself and Gildea, now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiff and the United States that this action shall be settled and resolved as follows:

1. The claim against Gildea in the above-captioned action is hereby dismissed with prejudice, and without costs, expenses, or fees to any party, except for as specified in

paragraph 4 below.

2. The United States is hereby substituted as a defendant in this action in place of Gildea.

3. The claim against the United States, as the substitute for Gildea, in the above-captioned action is hereby dismissed with prejudice, and without costs, expenses, or fees to any party, except for as specified in paragraph 4 below.

4. The United States hereby agrees to pay Plaintiff the total sum of THIRTY-TWO THOUSAND DOLLARS ($32,000) in full satisfaction of all claims, including any claims for costs, expenses and attorney fees. In consideration for the payment of that sum, Plaintiff agrees to the dismissal of the claim against Gildea and any claim against the United States, the FBI, their successors, heirs and assigns, and any present or former employees, agents, officials, agencies, or departments of the United States, from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorney's fees.

5. Plaintiff agrees to accept payment of the consideration set forth in paragraph "4" above in full settlement and satisfaction of any and all claims and demands for personal injury, property damage, or any other damages which Plaintiff and her heirs, executors, administrators, successors or assigns may have or hereafter acquire on account of the events, circumstances, or incidents giving rise to the above-captioned action and claims incident thereto. Plaintiff hereby releases and forever discharges Gildea, the FBI, and the United States, and any of the United States' present or former departments, agencies, agents, officials or employees, from any and all claims and liability for property damage, personal

injury, or any other damages arising directly or indirectly from the events, circumstances, or incidents giving rise to or referred to in the above-captioned action.

6. Payment of the consideration set forth in paragraphs "4" above shall be made only after execution by the Plaintiff and the United States and entry by the Court of this Stipulation and Order.

7. Settlement of the above-captioned action is to be without interest, costs, or disbursements and inclusive of attorney's fees.

8. Nothing contained in this Stipulation and Order Substituting the United States as a Defendant and Dismissing Plaintiff's Claim Against the United States (the "Stipulation and Order") herein shall be deemed to be an admission of liability or fault on the part of Gildea, the FBI or the United States, or any of their present or former departments, agencies, agents, official or employees, nor shall it be deemed to be an admission that they have acted in any manner or way that was negligent in connection with the January 1st Accident or was the cause of any injuries sustained by Plaintiff in connection with that accident. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no statements, representations, promises, agreements, or

negotiations, oral or otherwise, between the parties or counsel that are not included herein shall be of any force or effect.

Dated: West Babylon, New York
April 23, 2008

By: _____
Brian Esq.
Edward Young Associates,
112 Route 109
West Babylon, New York 11704
Tel: (631) 661-0006
*Counsel for Plaintiff*

Dated: New York, New York
April 24, 2008

MICHAEL J. GARCIA
United States Attorney

By: _____
LI YU
Assistant United States Attorney
Tel.: (212) 637-2734
Fax: (212) 637-2686
Email: li.yu@usdoj.gov
*Counsel for Patrick J. Gildea and the United States*

SO ORDERED: 4/29/08

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

5